UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY ROBERTS,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT SHAFFER, STEVEN JOHNSSON,<br><br>        Defendants. | No. 2:21-cv-01928-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Defendants Robert Shaffer and Steven Johnsson's ("Defendants") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 3.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of Calaveras due to lack of subject matter jurisdiction and DENIES Defendant's Motion to Proceed in Forma Pauperis as moot.

///
///
///
///
///
///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2021, Plaintiff Nancy Roberts[1] ("Plaintiff") brought an action for unlawful detainer against Defendants for possession of real property located at 5511 Old Gulch Road, San Andreas, California, 95249 (the "Property").  (ECF No. 1 at 12.)  On October 18, 2021, Defendants filed a Notice of Removal removing this unlawful detainer action from the Calaveras County Superior Court.  (*See id.*)

## II.    STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc.*, 482 U.S. at 392.  Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49, 60–62 (2009), *superseded by statute on other grounds, as stated in Vermont v. MPHJ Tech. Investments*,

---

[1] Defendants seemingly state that Plaintiff is actually "Deutsche Bank," but provide no other basis for this assertion.  (ECF No. 1 at 3.)  On the same page, Defendants state that "this action was commenced by Plaintiff, Nancy Roberts."  (*Id.*)  The Court looks to the Complaint and Defendants' additional assertions in determining the Plaintiff to be Nancy Roberts.

*LLC*, 803 F.3d 635, 643 (Fed. Cir. 2015), *cert. denied*, 136 S. Ct. 1658, *and* 136 S. Ct. 1666 (2016); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### III.   ANALYSIS

Defendants removed this action on the basis of federal question and diversity jurisdiction. (ECF No. 1 at 2–3.)  To support their claim of federal question, Defendants argue "this matter is a federal question surrounding procedural due process right guaranteed under the Fourteenth Amendment." (*Id.* at 4.)  Despite Defendants' assertion, it is clear the Complaint itself contains only a single claim for unlawful detainer. (*Id.* at 7–15.)  The instant Complaint therefore relies solely on California state law and does not state any claims under federal law.  Based on the well-pleaded complaint rule as articulated above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.

Furthermore, Defendants cannot satisfy the requirements for diversity jurisdiction under 28 U.S.C § 1332.[2]  Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."  Despite Defendants' assertion that the "claim [for] damage exceeds $75,000.00," Plaintiff has asserted that the damages in this action do "not exceed $10,000" (ECF No. 1 at 12).  The burden of proving the amount in controversy depends on what the plaintiff has pleaded. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007).  When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).  Plaintiff's complaint requests "forfeiture of the agreement." (ECF No. 1 at 15.)  Defendants offer no calculation to prove with legal certainty that the damages as of removal would exceed $75,000.  Therefore, Defendants fail to meet the burden of showing that the amount in controversy is met.

---

[2]   28 U.S.C. § 1441(b) allows for removal based on diversity of citizenship.  Diversity jurisdiction must arise from the express provisions of section 1332.

Defendants have failed to establish their burden of showing that jurisdiction before this Court is proper based on diversity jurisdiction or federal question jurisdiction. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV. CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Calaveras and DENIES Defendants' Motion to Proceed in Forma Pauperis (ECF No. 3) as moot.

IT IS SO ORDERED.

Date: October 19, 2021

Troy L. Nunley
United States District Judge